No. 1-01-2624 First Division

June 24, 2002

THE PEOPLE OF THE STATE OF ILLINOIS, ) Appeal from the

) Circuit Court of

Plaintiff-Appellee, ) Cook County.

)

v. ) No. 00 CR 15554 

)

TERRAN QUINN, )   The Honorable

) Thomas M. Davy,

Defendant-Appellant. ) Judge Presiding.

PRESIDING JUSTICE COHEN delivered the opinion of the court:

Following a bench trial, defendant Terran Quinn, a/k/a Terrance Veal,
(footnote: 1) was convicted of possession of a controlled substance with intent to deliver within 1,000 feet of a church and sentenced to seven years in prison.  720 ILCS 570/401(c)(2), 407(b)(1) (West 2000).  Defendant then pled guilty to a violation of probation and received a three-year concurrent sentence (00 CR 7792).  Defendant contends on appeal that the trial court impermissibly restricted his constitutional right to cross-examine the surveillance officer with respect to his exact surveillance location.

The State's evidence established that on May 30, 2000, Chicago police officer Herbert Betancourt, using binoculars from a distance of 75 to 100 feet, observed defendant conduct four narcotics transactions near 810 North Springfield, which was within 613 feet of a church located at 901 North Springfield.  Each time, Officer Betancourt observed an individual approach defendant and hand him currency.  Defendant then walked north to a wooden fence, bent down and tore an object from a strip of tape, and returned tendering the object to the individual.  After the fourth transaction, Officer Betancourt radioed the information to backup officers and instructed them to detain "a male black wearing a New York jersey with jeans, jean shorts."  Officer Betancourt remained in his surveillance location to watch defendant's arrest and direct an officer to the base of the fence to recover the strip of tape.

Officer Betancourt testified that the police had used the secret area of surveillance prior to and after defendant's arrest.  Officer Betancourt identified photographs depicting the church, the area in which he observed the defendant conducting the transactions, and the wooden fence from where defendant retrieved the narcotics.

On cross-examination, Officer Betancourt testified that none of the four individuals who approached defendant were detained, and neither his police report nor his grand jury testimony include the fact that he was using binoculars.  He then answered a series of questions about the surveillance which established that he was on foot, in uniform, south of Chicago Avenue, in the 700 block, on the east side of the street, and on the same side of the street as a vacant lot shown in one of the photographs.  The trial court sustained the State's objections to the following questions: "Were you in a building? *** You were not in the vacant lot. *** Were you south of that vacant lot?"

Officer Patrick Thelen, one of the enforcement officers, testified that he received a radio communication from Officer Betancourt instructing him to apprehend a male black, about five feet nine inches tall and weighing 150 pounds, wearing a blue New York jersey and blue jeans shorts standing at approximately 810 North Springfield.  Officer Thelen maintained radio contact with Officer Betancourt, who subsequently verified that the officers  had the correct person and then directed the officers to the strip of tape containing narcotics.  The officers recovered the strip of tape containing 12 objects, 6 of which were tested and contained 1.1 grams of cocaine, and $78 from defendant's pocket.

On appeal, defendant contends that his constitutional rights under the confrontation clause (U.S. Const., amend. VI) were violated when the trial court precluded him from cross-examining Officer Betancourt as to the exact location of his surveillance.  Defendant asserts that the exact location of Officer Betancourt's surveillance should have been disclosed based on this court's decision in 
People v. Knight
, 323 Ill. App. 3d 1117 (2001), which was decided subsequent to defendant's trial and sentencing hearing.

A defendant has a fundamental right to confront witnesses against him, but the trial court may limit the scope of cross-examination.  
People v. Criss
, 294 Ill. App. 3d 276, 279 (1998).  A defendant's right to confront a witness is not absolute, and the right to cross-examine is satisfied when the defendant is permitted to expose the fact-finder to facts from which it can assess credibility and reliability of the witness.  
People v. Averhart
, 311 Ill. App. 3d 492, 497 (1999).  The trial court's determination regarding the latitude permitted on cross-examination will not be disturbed "absent a clear abuse of discretion that resulted in manifest prejudice."  
Criss
, 294 Ill. App. 3d at 279-80.

The State enjoys a "qualified privilege" regarding the disclosure of secret surveillance locations.  
Criss
, 294 Ill. App. 3d at 281; accord 
Knight
, 323 Ill. App. 3d at 1128.  The need for disclosure is decided on a case-by-case basis, balancing the public interest with the defendant's need to prepare a defense.  
Criss
, 294 Ill. App. 3d at 281.  Thus, the trial court should try to protect the public interest in keeping the exact surveillance location secret but also take the steps necessary to ensure accurate fact-finding.  
Criss
, 294 Ill. App. 3d at 281.  The factors the court should consider regarding the public interest in nondisclosure are the crime charged, the possible defenses, and the potential significance of the privileged information.  
Knight
, 323 Ill. App. 3d at 1127.  The 
Knight
 court distinguished the extent of the qualified privilege at trial from that at a suppression hearing and held that "at trial disclosure of a surveillance point will be compelled if the allegedly privileged information is material on the issue of guilt."  
Knight
, 323 Ill. App. 3d at 1126-27.

Initially, the State contends that defendant has waived the issue by failing to make a formal offer of proof at trial.  We disagree.  An offer of proof "is not required where it is apparent that the trial court clearly understood the nature and character of the evidence sought to be introduced, or where the question itself and the circumstances surrounding it show the purpose and materiality of the evidence."  
People v. Peeples
, 155 Ill. 2d 422, 458 (1993).  Here, the nature of the evidence sought to be introduced was clear, and defendant also included the issue in his post-trial motion.

However, we find no abuse of discretion in this case.  Defendant was allowed to cross-examine Officer Betancourt extensively with respect to his surveillance, lighting conditions, and any possible obstructions.  Without pinpointing the exact surveillance location, defendant was permitted to establish the officer's position sufficiently enough to allow the trial court to assess the officer's credibility and reliability.  In addition, defendant was also allowed to elicit that Officer Betancourt did not include in his police report or grand jury testimony the fact that he had used binoculars, a relevant area of impeachment.  See 
Averhart
, 311 Ill. App. 3d at 497.  We conclude the trial court properly granted the State a qualified privilege regarding the disclosure of the exact surveillance location of Officer Betancourt.  
Criss
, 294 Ill. App. 3d at 281-82.

We find the case upon which defendant relies factually distinguishable.  In 
Knight
, this court found prejudicial error when the application of the privilege of nondisclosure severely hampered the defendant's ability to cross-examine the surveillance officer to cast doubt on his testimony.  
Knight
, 323 Ill. App. 3d at 1128.  However, in 
Knight
, the identity of the offender was contested, and the police officer, who was not using binoculars, admitted he and his partner lost sight of the alleged offender for one to two minutes as they drove from the surveillance point.  
Knight
,  323 Ill. App. 3d at 1120.  The police officer also testified that "from his observation of defendant he could not recall what type of jacket he was wearing."  
Knight
, 323 Ill. App. 3d at 1120.  In addition, the church pastor testified that defendant had been helping unload the church van at the location, and she never saw him selling drugs.  
Knight
,  323 Ill. App. 3d at 1120.  Defendant and defendant's girlfriend testified that another man defendant knew as "D.C." wore a jacket similar to defendant's had been selling drugs nearby.  
Knight
,  323 Ill. App. 3d at 1120-21.

Furthermore, the officer testified he saw the defendant take money in exchange for an object, but no money was recovered from the defendant when he was arrested immediately thereafter.

Knight
,  323 Ill. App. 3d at 1119-20.  Most notably for purposes of the present appeal, the 
Knight
 court did not establish an absolute rule but, rather, recognized that a qualified privilege does exist at trial for the disclosure of a surveillance location.  
Knight
, 323 Ill. App. 3d at 1128.

Unlike the circumstances in 
Knight
, identity was not at issue in this case.  Officer Betancourt radioed a detailed description of defendant, including a description of the clothes defendant was wearing, and remained in radio contact with the enforcement officers until defendant was arrested and the narcotics were recovered.  Officer Thelen corroborated that testimony.  Moreover, defendant was allowed to extensively cross-examine Officer Betancourt and pinpoint his surveillance location sufficiently enough to allow the trial court to evaluate his testimony without revealing the exact surveillance location.  Considering the public's interest in keeping the surveillance location a secret and the relative insignificance of the exact point of surveillance in light of the specificity uncovered on cross-examination, we conclude that the trial court did not abuse its discretion by minimally limiting cross-examination.  See 
People v. Green
, 322 Ill. App. 3d 747, 759-60 (2001)(we look to what a defendant has been "allowed" to do on cross-examination in determining whether the trial court abused its discretion).

Accordingly, we affirm the trial court's judgment.

Affirmed.

TULLY and COUSINS, JJ., concur.

FOOTNOTES
1: In the record, Defendant is alternately referred to as "Terran Quinn," "Terrance Quinn," and "Terrance Veal."  Defendant signed a jury waiver, using two names: "Terrance Veal" and "Terran Quinn."  The order of sentence and commitment refers to defendant as "Terran Quinn AKA Terrance Veal."  Defendant told the trial court his correct name is "Veal."